Thomas *v.* Hammer.

JOHN C. THOMAS *v.* JAMES C. HAMMER *et al.*

REVENUE COLLECTORS. *Lien for taxes paid.* A collector of revenue who has paid the taxes assessed on real estate sold under proceedings not recognized as regular, is entitled to be substituted to the lien of the State and county for the taxes thus paid, and a bill in chancery is the proper proceeding to enforce this right.

FROM SULLIVAN.

Appeal from the Chancery Court at Bristol. H. C. SMITH, Ch.

BAILEY & McCROSKEY for complainant.

N. M. TAYLOR for defendants.

COOKE, J., delivered the opinion of the court.

One Samuel Stone was tax collector for Sullivan county for the years 1871, 1872 and 1873, and returned the lot in question to the circuit court, and had an order of condemnation and sale of said lot for the State and county taxes for these years, and proceeded to sell the same for said taxes, and bid in the lot for the State and county. But for some reason or alleged irregularity in said proceeding, the comptroller refused to recognize said sale as valid, or to allow him credit for the amount of taxes so bid upon the lot, and he was required to pay or account for same, which he did, and thereupon filed a bill against the owners of said lot alleging these facts, and seeking to be

substituted to the lien which the State and county had for said taxes. He obtained a decree of substitution to said lien, and sale of said lot for the satisfaction of the same, upon a credit of six months in bar of the equity of redemption. And at said sale, respondent, George T. Hammer, became the purchaser. The sale was confirmed, and the master directed to execute a deed to him for the same, which he did, dated July 24, 1880.

On November 10, 1874, an execution, issued by a justice of the peace, was levied upon said lot, which was subsequently returned to the circuit court, and an order of condemnation and sale was had on March 26, 1877, under which the same was sold by the sheriff, and purchased by complainant, to whom the sheriff executed a deed dated May 20, 1880. This bill was filed June, 1881, seeking to set aside as invalid said decree under which said lot was sold and the clerk and master's deed made and executed in pursuance thereof, for the reason, as alleged, that the same were irregular, and communicated no title, etc. The only irregularity attempted to be pointed out in these proceedings is that the specific directions of the statute for the sale of land by revenue collectors was not pursued by the decree or the clerk and master under it. The chancellor held that the respondent acquired the title to the lot by his purchase under the decree, and that complainant was not entitled to any relief, and dismissed the bill. The Referees have reported that the chancellor's decree should be affirmed. We see no error or irregularity in the proceeding of

the chancery court under which the respondent purchased the lot. The lein for the taxes existed from the time they were assessed upon it, which was prior to the levy of the execution and proceedings under which the complainant purchased. Said Stone was entitled to be substituted to the lien of the State and county for taxes; and a bill in chancery was the proper proceeding under which to obtain said substitution and sale of the land to enforce said lien: *State* v. *Duncan*, 3 Lea, 679; *Edgefield* v. *Brien*, 3 Tenn. Ch., 672; *Memphis* v. *Looney*, 9 Baxt., 131.

The exceptions to the report of the Referees will be disallowed, and the decree of the chancellor affirmed with costs.